**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **JAVARY TREYMAYNE TRIGG, Petitioner,** | : | **CIVIL ACTION** |
| **v.** | : | |
| **P. CRUZ, Corporate Entity and Holder of the Key,** | : | |
| **Respondents.** | : | **NO. 09-700-RK** |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.** **OCTOBER 5, 2009**

Presently before the Court is a "Petition For Emergency Writ Of Habeas Corpus" ("Petition") filed by Petitioner Javary Treymayne Trigg ("Petitioner"). Petitioner is currently incarcerated in the "Seagoville FCI Corporation Prison" in Texas. For the reasons set forth below, the Petition is summarily dismissed for lack of jurisdiction without a certificate of appealability. See 28 U.S.C. § 2243; Rule 4, 28 U.S.C. foll. § 2255.

## I. BACKGROUND

Petitioner has been confined in FCI Seagoville since August 16, 2005. (D.I. 1) The Petition alleges that Respondent "is a corporation for profit" holding Petitioner "against his will, over his objection, and without his consent," because "no criminal action has been commenced by Respondent against Petitioner by the filing of an affidavit/complaint, [or] by a competent fact witness, alleging the necessary and essential facts sufficient to constitute the elements of a crime that would invoke a lawful court's jurisdiction in the first instance." Id. at p. 1. Petitioner

contends that the Court can review the instant Petition because it has original jurisdiction over corporations incorporated in the State of Delaware, and respondent is a corporation "directly linked to corporations . . . incorporated with the corporations division secretary of state of Delaware." Id. at 2. Petitioner asks the court to "demand [his] immediate discharge." Id. at pp. 2-3.

## II. STANDARD OF REVIEW

Federal courts are required to liberally construe pro se filings. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." See Rule 4(b), 28 U.S.C. foll. § 2255; see also 28 U.S.C. § 2243 ("A court, justice or judge entertaining an application for a writ of habeas corpus shall . . . issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the face of the application that the applicant or person detained is not entitled thereto.")

A federal prisoner challenging the legality of his conviction or sentence must file a motion to vacate, correct, or modify a sentence pursuant to 28 U.S.C. § 2255 in the sentencing court. See 28 U.S.C. § 2255(a); Davis v. United States, 417 U.S. 333, 343 (1974); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). The proper respondent for a § 2255 motion is the United States of America. See Waksmunski ex rel. Korbe v. Mitchell, 2009 WL 499455 (W.D. Pa. Feb. 27, 2009). In turn, a federal prisoner challenging the manner in which his sentence is being executed must file a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the district of confinement. Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004); see United States

v. Jack, 774 F.2d 605, 607 n.1 (3d Cir. 1985)(a habeas corpus petition pursuant to § 2241 is appropriate in the district of confinement). The proper respondent for a § 2241 petition is the warden of the institution where the petitioner is incarcerated at the time of filing. Rumsfeld, 542 U.S. at 444-46.

## III. DISCUSSION

Having reviewed the face of the Petition, the Court concludes that it lacks jurisdiction over the instant proceeding. To the extent the instant Petition challenges the legality of Petitioner's conviction and sentence under 28 U.S.C. § 2255, the Court does not have jurisdiction over this proceeding because the Court did not impose Petitioner's conviction and sentence. To the extent Petitioner is challenging the execution of his sentence pursuant to 28 U.S.C. § 2241, the Court does not have jurisdiction to review the pending Petition because Petitioner is not confined in this district.

## IV. CERTIFICATE OF APPEALABILITY

To the extent the instant Petition constitutes a § 2255 motion, the Court must decide whether to issue a certificate of appealability. 28 U.S.C. § 2253; See United States v. Cepero, 224 F.3d 256, 265-66 (3d Cir. 2000)("federal prisoner appeals from § 2241 proceedings, however, are not governed by § 2253's certificate of appealability requirement."); 3d Cir. L.A.R. 22.2 (2008). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Court has concluded that it lacks jurisdiction to review the instant Petition. Jurists of

reason would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## V. CONCLUSION

For the reasons set forth above, the Court dismisses the Petition for Emergency Writ of Habeas Corpus in its entirety for lack of jurisdiction without issuing a certificate of appealability.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **JAVARY TREYMAYNE TRIGG,**<br>**Petitioner,** | : | **CIVIL ACTION** |
| **v.** | : | |
| **P. CRUZ, Corporate Entity and**<br>**Holder of the Key,** | : | |
| **Respondents.** | : | **NO. 09-700-RK** |

**ORDER**

AND NOW, this 5th day of October, 2009, in consideration of the Petition For Emergency Writ Of Habeas Corpus filed in the instant matter, it is hereby ORDERED as follows:

(1) the Petition filed by Petitioner Javary Treymayne Trigg (D.I. 1), is **DISMISSED**, and the relief requested therein is **DENIED**;

(2) there is no probable cause to issue a certificate of appealability;

(3) the Clerk shall mark this matter as **CLOSED** in this court for all purpose, including statistics.

BY THE COURT:

/s/ Robert F. Kelly
ROBERT F. KELLY
SENIOR JUDGE